# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-3856

———————

Joseph A. O'Connor,        *
                 *
        Appellant,       *
                 *   Appeal from the United States
    v.               *   District Court for the
                 *   Western District of Arkansas.
The Clorox Company; Clorox Sales    *
Company; Rick Rexing,       *        [UNPUBLISHED]
                 *
        Appellees.       *

———————

Submitted:  May 18, 2001

Filed:  July 26, 2001

———————

Before McMILLIAN and BOWMAN, Circuit Judges, and MOODY,[1] District Judge.

———————

PER CURIAM.

Joseph A. O'Connor appeals from the summary judgment granted by the District Court[2] to The Clorox Co. and its codefendants on O'Connor's defamation claim.  We affirm.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

The facts leading up to this suit, as viewed in the light most favorable to O'Connor, are as follows. In 1999, O'Connor was a director of sales in Clorox's Bentonville, Arkansas, office. After receiving a sexual harassment complaint concerning O'Connor from a Bentonville employee, a human resources consultant from Clorox's headquarters in Oakland, California, conducted an investigation, including interviews with employees in the Arkansas office. As a result, other misconduct on the part of O'Connor was uncovered. On June 23, 1999, a termination letter was hand-delivered to O'Connor's home. The letter indicated that O'Connor was being terminated "for overall misconduct and behavior not becoming of a Director." Letter from Rick Rexing, General Sales Manager, to Joseph O'Connor (June 23, 1999). The letter specified that O'Connor had: violated the company's sexual harassment policy, forged Rexing's signature on company and government documents, failed to reimburse the company for personal FedEx charges, used company e-mail to send messages "of a sexual nature," and used a company charge card for personal expenses. A copy of the letter also was left on O'Connor's desk in his unlocked office at work.

O'Connor sued Clorox on various theories; the only claim remaining when summary judgment was granted was that of defamation for the statement in the letter that O'Connor had forged Rexing's signature. The District Court, in granting summary judgment for Clorox, concluded there was no publication of the letter. See Southall v. Little Rock Newspapers, Inc., 964 S.W.2d 187, 192 (Ark. 1998) (elements of defamation under Arkansas law). Upon de novo review, we agree.[3]

O'Connor's theory was that various Clorox employees, one in particular, saw the letter in O'Connor's office and then spoke of it to others. The named employee,

_____

[3]Clorox also argued that the statement in issue (that O'Connor had forged Rexing's signature) was not false and that O'Connor suffered no damages, two additional elements of defamation under Arkansas law. The District Court did not reach these issues.

however, signed a declaration in which he denied ever seeing the termination letter or being informed of its contents. Moreover, O'Connor's friend, the individual who purportedly heard the allegations set forth in the letter, actually heard something quite different: that there had been gross misconduct on the part of O'Connor having to do with foreign travel and theft. Further, O'Connor's theory that his friend (an individual twice removed from the employee who supposedly saw and then published the letter) learned the contents of the letter as O'Connor suggests is speculation and does not create a genuine issue of material fact on the question of publication.

The District Court also held that O'Connor had no claim of compelled self-publication under Arkansas law. In his brief on appeal, O'Connor purports to "incorporate[] his argument and authorities regarding negligent publication/limited compelled self-publication made in the District Court." Brief of Appellant at 28. Although the argument does not appear to be properly before us, see 8th Cir. R. 28A(j) ("A party may not incorporate by reference the contents of a brief filed elsewhere."), we nevertheless conclude that the District Court correctly held that the doctrine of self-publication is not available under Arkansas law.

We affirm the District Court's decision to grant summary judgment to Clorox. Further, to the extent O'Connor has appealed from the court's decision denying his Federal Rule of Civil Procedure 59(e) motions, we hold that they were properly denied for the reasons stated in the District Court's order.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.